1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

| | |
|---|---|
| ALBERTO JOSE CORPUS,<br><br>        Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No.  1:25-cv-00067-CDB (SS)<br><br>ORDER ON STIPULATED REQUEST FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 20) |

18      Pending before the Court is the stipulated request of Plaintiff Alberto Jose Corpus

19  ("Plaintiff") for the award of attorney's fees pursuant to the Equal Access to Justice Act

20  ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $8,000.00 to counsel for Plaintiff, Francesco

21  Paulo Benavides.  (Doc. 20).[1]

22      The parties agree that an award of attorney's fees to counsel for Plaintiff should be made

23  payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe

24  a federal debt, then the Commissioner shall cause the payment of fees, expenses, and costs to be

25  made directly to Plaintiff's counsel, Francesco Paulo Benavides.  *Id*. at 2.

26      On July 8, 2025, the Court granted the parties' stipulated request for voluntary remand and

27

28      [1] Both parties have consented to the jurisdiction of a U.S. magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1).  (Doc. 9).

1

1  remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for

2  further proceedings.  (Doc. 18).  Judgment was entered the same day.  (Doc. 19).  On July 18,

3  2025, Plaintiff filed the pending stipulation for attorney fees as a prevailing party.  (Doc. 20).

4  *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who prevails with

5  a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party).  Plaintiff's filing

6  is timely.  *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).  The Commissioner does not

7  oppose the requested relief.  (Doc. 20).

8        The EAJA provides for an award of attorney fees to private litigants who both prevail in

9  civil actions (other than tort) against the United States and timely file a petition for fees.  28

10  U.S.C. § 2412(d)(1)(A).  Under the EAJA, a court shall award attorney fees to the prevailing

11  party unless it finds the government's position was "substantially justified or that special

12  circumstances make such an award unjust."  *Id*.  Here, the government did not show its position

13  was substantially justified and the Court finds there are no special circumstances that would make

14  an award unjust.  Moreover, the government does not oppose Plaintiff's stipulated request.  *See*

15  *Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23, 2018)

16  (finding position of the government was not substantially justified in view of the Commissioner's

17  assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL 5324302, at 1 (E.D.

18  Cal. Oct. 17, 2014) (same).

19        Plaintiff requests an award of $8,000.00 in EAJA fees.  (Doc. 20).  The Ninth Circuit

20  maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for

21  increases in the cost of living, on its website.[2]  Under the applicable rate of $251.84, the requested

22  award would amount to approximately 32 hours of attorney time (not accounting for any

23  paralegal time expended).  The Court finds this reasonable and commensurate with the number

24  of hours an attorney would need to have spent reviewing the certified administrative record in

25  this case (approximately 1,079 pages; Doc. 10) and preparing a motion for summary judgment

26  that presented three legal issues and approximately 17 pages of argument.  (Doc. 11 at 12-29).

27

28  _____

   [2] *Statutory Maximum Rates Under the Equal Access to Justice Act*, available at
   https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited July 21, 2025).

1  With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding

2  the case for further proceedings.  (Docs. 18, 19).

3         EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset

4  Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).  If the Commissioner

5  determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset

6  allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

7         Accordingly, it is HEREBY ORDERED:

8    1.  The parties' stipulated request for attorney's fees pursuant to the EAJA (Doc. 20) is

9       GRANTED; and

10    2.  The Commissioner is directed to pay to Plaintiff as the prevailing party attorney's fees in

11       the amount of $8,000.00, pursuant to the terms set forth in the parties' stipulation.  (Doc.

12       20).  Fees shall be made payable to Plaintiff, but if the Department of the Treasury

13       determines that Plaintiff does not owe a federal debt, then the government shall cause the

14       payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, as set forth

15       in the stipulation.

16  IT IS SO ORDERED.

17    Dated:  __**July 21, 2025**__

18                                  UNITED STATES MAGISTRATE JUDGE